# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA MARTINEZ, | Case No.: 2:09-cv-1354-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#19; Motion to Dismiss–#20; Motion to Stay–#21) |
| ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS' AFFAIRS, | |
| Defendant. | |

Before the Court is Defendant Eric K. Shineski's **Motion to Dismiss Count III of Plaintiff's Complaint** (#19), **Motion to Dismiss Count I of Plaintiff's Complaint** (#20), and **Motion to Stay Proceedings in Count II of Plaintiff's Complaint** (#21), all of which were filed on March 29, 2010.  The Court has also considered Plaintiff Laura Martinez's Opposition to all three motions (#24), filed April 28, 2010, and Shineski's Replies (##26, 27), filed May 28, 2010.

## BACKGROUND

Plaintiff Laura Martinez is a former assistant in the human resources department at the Department of Veteran's Affairs ("DVA").  Martinez alleges she suffers from a central auditory processing disorder that impairs her ability to process sounds.  As a result, she has "difficulty reading, following directions, and comprehending difficult directions." (Dkt. #1, Compl. ¶ 12.)  DVA hired Martinez for this position through the State Vocational Rehabilitation

1

Program as a "non-competitive, non-sensitive employee." (Dkt. #24, Opp'n Ex. A.) As part of her employment duties at DVA, Martinez manually processed paperwork from prospective and recently hired DVA employees and took the fingerprints of recently hired individuals.

Martinez's claims in this case arise out of two incidents involving her employment. First, in 2006, DVA created an online system, e-Qip, in which individuals applied for DVA jobs online. DVA ordered Martinez to register for e-Qip, but she claims she was unable to do so "without proper instruction." (Dkt. #1, Compl. ¶ 20.) Martinez alleges she subsequently applied for an accommodation seeking help in registering for e-Qip. Despite Martinez's apparent requests for help, DVA disciplined her for failing to register for e-Qip by suspending her from her employment for fourteen days. In April 2007, DVA again instructed Martinez to register for e-Qip, and she apparently requested an accommodation that she not be required to register. DVA rejected her second request for accommodation, and Martinez again failed to register for e-Qip.

Second, in early 2007, Martinez complained to her job supervisors that her hands hurt, and even started to bleed, when she took fingerprints of new DVA hires. Martinez's supervisors informed her that she would not be excused from her fingerprinting duties unless she produced a note from her doctor indicating that she should not continue taking fingerprints. Martinez alleges she obtained such a note from her doctor, but her supervisors still required her to continue her fingerprinting duties. On July 27, 2007, DVA terminated Martinez's employment.

On August 22, 2007, Martinez filed an internal complaint with DVA alleging that her supervisors failed to accommodate her disability by forcing her to "continue doing fingerprinting duties." (Dkt. #20, Mot. Ex. 2.) After conducting its investigation, the Department of Veterans issued a "Final Agency Decision" denying Martinez's employment discrimination claim. Martinez subsequently appealed this decision to the Merit Systems Protection Board ("MSPB"). In her appeal, Martinez primarily referenced the incident surrounding her failure to register for e-Qip. In December 2008, Judge Kang, the ALJ assigned to the case, entered an order denying Martinez's appeal. Martinez later appealed Judge Kang's decision to the full MSPB

board, but the board denied Martinez's request for a full appeal.  Finally, Martinez filed an appeal to the Equal Opportunity Employment Commission ("EEOC") requesting a review of Judge Kang's decision.  After reviewing the record, the EEOC issued a decision on June 24, 2009, affirming Judge Kang's decision.  The EEOC subsequently issued Martinez a right-to-sue-letter.

On July 7, Martinez filed suit in this Court against Eric Shinseki, DVA's Secretary and alleged claims for (1) failure to accommodate in violation of the Rehabilitation Act, 42 U.S.C. § 12102; (2) retaliation in violation of the Rehabilitation Act; and (3) violation of the Civil Service Reform Act, 5 U.S.C. §§ 7702, 7703.  Shineski now asks the Court to dismiss counts I and III of Martinez's complaint and to stay proceedings regarding Count II of the complaint.  For the reasons discussed below, the Court denies Shineski's motion to dismiss Count I, denies as moot his motion to stay proceedings regarding Count II, and grants his motion to dismiss Count III.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss.  First, the court must accept as true all

AO 72
(Rev. 8/82)

1  factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of
2  legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at
3  1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals
4  of the elements of a cause of action, supported only by conclusory statements, also do not suffice.
5  *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the
6  complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the
7  plaintiff pleads factual content that allows the court to draw a reasonable inference that the
8  defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not
9  permit the court to infer more than the mere possibility of misconduct, the complaint has
10 "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks
11 omitted). When the claims in a complaint have not crossed the line from conceivable to plausible,
12 plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.
13 **II.     Motion to Dismiss Count I**
14         Martinez alleges Shineski violated the Rehabilitation Act by failing to
15 accommodate her request to be exempt from registering on the e-Qip computer system. In order to
16 state a valid claim under the Rehabilitation Act (whether for failure to accommodate or for
17 retaliation) a plaintiff must allege (1) she has a disability under the Act; (2) she is otherwise
18 qualified for employment; (3) and she suffered discrimination because of her disability. *Walton v.*
19 *United States Marshals Serv.*, 476 F.3d 723, 727 (9th Cir. 2007). Importantly, the Act defines a
20 number of these important terms. A disability is defined as "a physical or mental impairment that
21 substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. §
22 12102(1). A person is impaired under the Act if the impairment "limit[s] a major life activity, and
23 the limitation on the major life activity [is] substantial." *EEOC v. United States Parcel Service,*
24 *Inc.*, 306 F.3d 794, 801 (9th Cir. 2002). Major life activities are defined as important living
25 functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking,
26 breathing, learning, and working." 29 C.F.R. § 1630.2(I). Finally, a person's major life activities

AO 72
(Rev. 8/82)

are "substantially limited" if that person is unable to perform a major life activity or is "significantly restricted" in his or her ability to do so compared to the "average person in the general population." 29 C.F.R. § 1630.2(j).

Shineski asks the Court to dismiss Martinez's claim for four reasons: (1) Martinez does not have an impairment under the Act; (2) she was not otherwise qualified for the tasks at issue in this case; (3) she did not attempt in good faith to find an appropriate accommodation with DVA; and (4) her requested accommodation was not reasonable. In support of these assertions, Shineski either provides evidence in its favor (mostly in the form of statements from Martinez) or points out that Martinez is unable to bring forth any evidence to support her claims. First, Shineski alleges Martinez cannot show that she is impaired under the Act because she has not presented certification from the Nevada Vocational Rehabilitation Center indicating that her central auditory processing disorder limits her major life activities. Second, Shineski argues Martinez cannot prove that she was otherwise qualified to complete her employment duties because she requested that she be exempt from signing up for the online program altogether. Third, Shineski argues Martinez did not act in good faith to find a mutually acceptable accommodation with DVA because she failed to produce medical records indicating that the pain in her hand was caused by her fingerprinting duties. Finally, Shineski claims Martinez's accommodation request was not reasonable because she failed to present any evidence showing that she could continue doing her job without registering for e-Qip.

The Court denies Shineski's motion to dismiss because he asks the Court to examine documentary evidence and accept the fact that Martinez has failed to present evidence to support her claim. While such an approach would be appropriate in the context of a motion for summary judgment, the Court declines to engage in such an analysis on a motion to dismiss. While it may or may not be true that Martinez's impairment affects her major life functions or that she cannot provide evidence of the cause of the pain in her hands, the Court must rule on Shineski's motion to dismiss based solely on the well-pled facts contained in Martinez's

AO 72
(Rev. 8/82)

complaint. Furthermore, after reviewing Martinez's complaint, the Court concludes she has adequately stated a claim for failure to accommodate under the Rehabilitation Act. Martinez alleges that she has a central auditory processing disorder that limits her ability to process new information; that her life has been substantially impaired as a result; that she could have continued her job as an assistant human resources manager had she not been required to sign up for e-Qip or continue with her fingerprinting duties; and that she acted in good faith by producing a doctor's note indicating that the pain in her hands was a result of her fingerprinting work. Taking these factual assertions as true (as it must on a motion to dismiss), the Court concludes that Martinez has stated a valid claim for failure to accommodate under the Rehabilitation Act.

## III.    Count III

Shineski also asks the Court to dismiss Martinez's claim for violation of the Civil Service Reform Act, 5 U.S.C. §§ 7702, 7703. This statute permits plaintiffs to file suit seeking relief from adverse MSPB decisions that, like here, involve a mixed question regarding discrimination and accommodation. 5 U.S.C. § 7703(b)(2). When reviewing MSPB decisions, district courts may only set aside agency decisions that are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Shineski asks the Court to dismiss Martinez's claim under § 7703 because Martinez has failed to a state valid claim for relief under the rules set forth by the Supreme Court in *Twombly*. The Court agrees and grants Shineski's motion. In her complaint, Martinez simply alleges that Judge Kang's ruling was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (Dkt. #1, Compl. ¶ 48.) This assertion is nothing more than a "formulaic recitation" of the legal standard the MSPB allegedly violated and therefore fails to state a claim for relief under § 7703(c). *Iqbal*, 129 S. Ct. at 1949. In order to state a valid claim under this statute, Martinez must—at the very least—indicate what evidence Judge Kang wrongly considered or

failed to consider in his order. In so holding, the Court notes that Judge Kane's order is twenty-eight pages and examines Martinez's assertions in substantial detail. Because Martinez has chosen not to reference this order and make specific assertions regarding why it is incorrect, the Court finds her claim under § 7703 is speculative and must be dismissed.

**IV.    Count II**

In Count II, Martinez brings a retaliation claim under the Rehabilitation Act and alleges that DVA terminated her employment in retaliation against her for seeking accommodation for her disabilities. Shineski does not ask the Court to dismiss this claim. Instead, he asks the Court to stay adjudication of Count II until it has ruled on Count III. The Court has now ruled on Count III and determined that Martinez has not stated a valid claim for relief under 5 U.S.C. § 7703. Accordingly, any stay regarding Count II is unwarranted and the Court hereby denies Shineski's motion to stay as moot.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Eric K. Shineski's Motion to Dismiss Count I (#20) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Count III (#19) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings (#21) in Count II of Plaintiff's Complaint is DENIED as moot.

Dated: July 26, 2010.

_____
ROGER L. HUNT
Chief United States District Judge