UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURA MARTINEZ, | Case No.: 2:09-cv-01354-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Reconsideration–#31) |
| ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant. | |

Before the Court is Defendant Eric K. Shinseki's **Motion for Partial Reconsideration** (#31), filed August 11, 2010. The Court has also considered Plaintiff Laura Martinez's Opposition (#32), filed August 25, 2010, and Shineski's Reply (#35), filed September 7, 2010.

**BACKGROUND**

On July 7, 2010, Martinez filed suit in this Court against Eric Shineski, Secretary of the Department of Veteran's Affairs, asserting the following claims: (Count I) failure to accommodate in violation of the Rehabilitation Act, 42 U.S.C. § 12102; (Count II) retaliation in violation of the Rehabilitation Act; and (Count III) violation of the Civil Service Reform Act, 5 U.S.C. §§ 7702-7703. With respect to Count I, Martinez alleges two acts of discrimination, one

1

occurring in 2006 (the "2006 accommodation request") and another in 2007.  The Court refers the reader to its previous Order (#29, July 26, 2010) for the factual background of this case.

On March 29, 2010, Shinseki filed three motions: (1) Motion to Dismiss Count III (#19), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) Motion to Dismiss Count I (#20), pursuant to Rules 12(b)(1) and 56(b); and (3) Motion to Stay Proceedings in Count II (#21).  On July 26, the Court issued an Order (#29) granting the motion to dismiss Count III, denying the motion to dismiss Count I and denying as moot the motion to stay proceedings in Count II.  Shinseki subsequently filed this motion asking the Court to reconsider its decision concerning Count I by addressing the issue of whether Martinez exhausted her administrative remedies regarding Martinez's 2006 accommodation request.  For the reasons discussed below, the Court grants Shinseki's motion, and clarifies its July 26 Order (#29).

## DISCUSSION

**I.     Legal Standard**

The Federal Rules of Civil Procedure do not contemplate reconsideration of interlocutory orders.  However, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (internal citation omitted).  Thus, all district court rulings are subject to revision at any time before the entry of judgment so longs as the court retains jurisdiction over a case." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (emphasis omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision.  *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration may be appropriate if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law.  *Nunes v. Ashcroft*, 375 F.3d 805,

807–08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

**II.     Analysis**

A federal employee who alleges employment discrimination under the Rehabilitation Act must exhaust her administrative remedies before a district court can obtain subject matter jurisdiction over her claim. *Vinieratos v. United States*, 939 F.2d 762, 773 (9th Cir. 1991). Martinez generally alleges two acts of discrimination in her complaint, one occurring in 2006 (the 2006 accommodation request) and another in 2007. However, Martinez failed to raise the 2006 accommodation request in the administrative proceedings below. As a result, the Court finds that Martinez failed to exhaust her administrative remedies related to that potential claim. The 2006 accommodation request therefore is not properly included in her current claims under the Rehabilitation Act, Counts I and II, because the Court has not obtained subject matter jurisdiction over the 2006 accommodation request.

The Court grants Shinseki's motion to reconsider solely to clarify that it does not have subject matter jurisdiction over Martinez's allegations concerning the 2006 accommodation request. However, in the interest of judicial efficiency and because the Court would otherwise have subject matter jurisdiction on these claims, the Court will *sua sponte* strike the allegations

related to the 2006 accommodation request.  Under Rule 12(f) a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter."  Matter is "immaterial" if it has no bearing on the controversy before the court.  *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence.  *Id.*  Accordingly, the Court strikes the following portions of Martinez's complaint relating to the 2006 accommodation request:

- stricken in their entirety: ¶¶ 15, 16, 20, 21, and 22;
- striking only the word "again": ¶¶ 23–24;
- striking only the plural "s" from the word "requests": ¶¶ 28, 35;

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Shinseki's Motion for Reconsideration (#31) is GRANTED to the limited extent described in this Order.

IT IS FURTHER ORDERED that Plaintiff Laura Martinez file a second amended complaint, which shall reflect the provisions of this Order.  Plaintiff shall strike the disputed portions of her complaint and file her second amended complaint by January 18, 2011.

Dated: January 3, 2011

_____
ROGER L. HUNT
Chief United States District Judge